CARL LESSER, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Upon the trial of an indictment for obtaining goods by false pretences, it appeared that the prisoner and one M. called upon the prosecutrix, and after bargaining for certain goods and agreeing upon the price, M., whom the prisoner represented as a man in business having two stores, etc., went out, as he said, to get the money. M. returned with a check for the amount of the purchase, purporting to be drawn by one S., dated the next day. Attention being called to the fact that the check was post-dated, M. replied: "It is too late to go to the bank to-day." (It was then after banking hours.) Both the prisoner and M. said the check was good, and that the maker had a business. The check was received and the goods were delivered to and taken away by the prisoner and M. No such person as the drawer of the check kept an account at the bank on which it was drawn, nor did it appear that there was any such person, and the check was admitted to be worthless. *Held*, that the circumstances tended to show the transaction to be a device on the part of the prisoner and M. to defraud the prosecutrix; that the fact that the check was post-dated did not, under the circumstances, make the transaction simply an undertaking that the money to meet it would be in the bank at its maturity; and that the evidence justified a conviction.

(Argued February 18, 1878; decided March 19, 1878.)

ERROR to the General Term of the Supreme Court in the first judicial department to review judgment, affirming a judgment of the Court of General Sessions in and for the city and county of New York, convicting the plaintiff in error of the crime of obtaining goods by false pretences. (Reported below, 12 Hun, 668.)

The plaintiff was jointly indicted with one Charles H. Melville; the indictment alleging in substance that they, with intent to cheat and defraud one Yetta Geroges, did falsely represent that a certain check, a copy of which was set forth in the indictment, purporting to have been drawn by one August P. Steinbach, on the Chemical National Bank of New York, was good and valid, and that the drawer had then the money on deposit in the bank. That said Geroges, believing the false representations, was induced by reason thereof to deliver to the accused certain goods to the amount of the check; whereas the said check was, to the knowledge of the accused, utterly worthless, and said representations false and untrue, etc.

The facts appearing upon the trial are sufficiently stated in the opinion.

*William F. Kintzing*, for plaintiff in error. The court erred in refusing to direct the jury to acquit the accused of the crime of false pretences. (*People* v. *Tompkins*, 1 Park. Cr., 224.) The false pretence must be of some present existing fact, and not of some future event or a mere promise. (*Rex* v. *Porter*, 2 Moody C. C., 1; *Com* v. *Drew*, 19 Pick., 179; *McKenzie* v. *State*, 6 Eng., 594; *Burrows* v. *State*, 7 id., 65; *Reg.* v. *Wooley*, 1 Den. C. C., 559; *Reg.* v. *Henderson*, C. & M., 328; 1 Eng. L. & Eq., 537; *Dillingham* v. *State*, 5 Ohio, 280; 2 Whart. Am. Cr. L. [7th ed.], 2118; 2 Russell on Crimes [6th ed.], 300; Roscoe's Cr. Ev. [7th ed.], 478; 2 Bishop Cr. L. [5th ed.], 419, 479; *Ranney* v. *People*, 22 N. Y., 417; *Rex* v. *Lee*, L. & C., 309; *Rex* v. *Henshaw*, id., 444; 33 L. J. M. C., 132; *Rex* v. *Jackson*, 3 Campb., 370; *Rex* v. *Goodhall*, R. & R., 461; *Tefft* v. *Windsor*, 17 Mich., 486; *Rex* v. *Douglas*, 1 Moody C. C., 462; *Rex* v. *Bradford*, 1 Ld. Raym., 366; *Glockar* v. *Comm.*, 3 Metc. [Ky.], 232; *Reg.* v. *Buryon*, D. & B., 11; 36 E. L. & Eq., 615.) The judgment should be reversed, and the prisoner discharged. (*Ranney* v. *People*, 22 N. Y., 413; *McCord* v. *People*, 46 id., 470.)

*Benj. K. Phelps*, district attorney, for defendants in error. The presentation of the check by the prisoner amounted to a representation that it was good and valid for the amount of it, and that such amount was on deposit at the bank to meet it. (*Rex* v. *Jackson*, 3 Camp., 370; *Rex* v. *Parker*, 7 C. & P., 825; 2 Moody, 1; 2 Bishop Cr. L., § 421; 2 Russell on Cr. [last ed.], 640; 2 Archb. Cr. Pr. & Pl. [Pomeroy's ed.], 1388; *Smith* v. *People*, 47 N. Y., 303.)

RAPALLO, J.   The check, which was passed off upon the complainant, was dated on the twenty-ninth of August, the transaction taking place on the twenty-eighth, and the defense is placed upon the point that the delivery of a post-dated check does not constitute a representation that the money to meet it is in the bank at the time of delivery of the check, but simply an undertaking that it shall be there at the maturity of the check.

If there had been no representation made except by the delivery of the check, and the prosecution rested wholly on the allegation that this was a representation that the money was in bank, the point which the prisoner's counsel seeks to raise would be in the case, and the circumstances that the check was not drawn by the prisoner, but by a third party, and was post-dated, would be very material.   But we do not think that the case turns upon the point argued.   The indictment charges that the prisoner represented, among other things, that the check was good and a valuable security, and of the value of $255 ; whereas it was not good, or of any value whatever.   The evidence of the prosecutrix was that the prisoner and his companion Melville came together to her residence, and after bargaining for the goods, and agreeing upon the price, Melville went out, as he said, to get the money to pay for them, leaving the prisoner there ; that the prisoner represented Melville as a man in business, having two stores, etc.; that Melville returned with the check, and at the time of passing it off to prosecutrix and obtaining the goods, in answer to a remark of the prosecutrix's sister that

the check was dated the twenty-ninth, said, "it. is too late to go to the bank to-day" (it being then half-past three in the afternoon) ; that at the same time the prisoner said that the check was good, and also that Steinbach, the maker of the check, "had a business." The sister testified that, in answer to her remark about the date, Melville said, that it was too late to go to the bank, and he dated the check for to-morrow. No such person as the drawer of the check kept any account in the bank on which it was drawn, and it was admitted on the trial that the check was worthless. The circumstances tended to show that the transaction was a device to defraud the prosecutrix of her goods, and that Melville and the prisoner were acting in concert. They together took the goods away. No explanation or defense was offered by the prisoner on the trial, nor did he show that there was any such person as Steinbach, or what were his own relations with Melville, but he relied wholly on the fact that the check was post-dated.

Under the circumstances we think that the evidence, although meagre, was sufficient to justify a finding that the prisoner represented that the check was good, and the maker a man of substance ; while he knew that it was worthless, and was a false token got up for the purpose of defrauding the prosecutrix, and that he and Melville were confederates, and jointly obtained the goods. The question of the prisoner's guilt was fairly submitted to the jury, and there is no legal error in the conviction.

The judgment should be affirmed.

All concur.

Judgment affirmed.