## JEAN HAWKINS v. THE STATE.

### No. 452.   Decided March 2, 1910.

**1.—Theft—Information.**

Where an information for theft was in the usual form, there was no error in overruling a motion to quash and in arrest of judgment.

**2.—Theft—Statutes Construed—False Pretense—Consent—Allegation—Proof.**

It has been held in this State that under an ordinary indictment for theft charging a fraudulent taking without the consent of the owner, it is competent to prove the taking was with the owner's consent, but obtained by false pretense. Following Dow v. State, 12 Texas Crim. App., 343, and other cases; and where the evidence showed this kind of a case under an indictment for

ordinary theft and the court properly charged the law thereon, there was no error.

### 3.—Same—Charge of Court—Different Counts in Indictment.

Where, upon trial for theft, the information contained three counts; one for swindling, one for ordinary theft, and one for theft by conversion as bailee, and the court in his charge to the jury withdrew all the counts except the one for theft, and the evidence showed that the defendant took the property from the owner with the owner's consent but by false pretense, there was no error.

### 4.—Same—Requested Charges—Swindling.

Where the defendant was charged in different counts with theft, swindling and conversion, and all were withdrawn except the count for theft, there was no error in the court's refusal to submit defendant's instruction on swindling.

### 5.—Same—Charge of Court—Singling Out Testimony.

Upon trial for theft there was no error in the court's refusal of defendant's requested charge which singled out a particular fact and eliminated it from the consideration of the jury.

### 6.—Same—Charge of Court—Demand.

Where, upon trial for theft, the evidence showed that the defendant under false pretense obtained a dollar from the prosecutor to buy some alcohol, there was no error in the court's failure to instruct the jury that a demand would have to be made by the prosecuting witness for the return of the money.

### 7.—Same—Evidence—Flight.

Upon trial for theft there was no error in admitting testimony that on the day after the defendant procured the dollar from the prosecuting witness, the latter with another met the defendant and the defendant ran.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of theft under the value of $50; penalty, a fine of $40 and thirty days confinement in the county jail.

The opinion states the case.

*B. F. Amonette,* for appellant.—On question of evidence of flight: Hernandez v. State, 20 Texas Crim. App., 151; Wilson v. State, 20 Texas Crim. App., 662; Cannon v. State, 38 Texas Crim. Rep., 322.

On question of insufficiency of evidence: Lopez v. State, 37 Texas Crim. Rep., 649.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant in this case has appealed from a conviction for theft wherein his punishment was assessed at a fine of $40 and thirty days imprisonment in the county jail.

The information contains three counts: First, swindling by false and fraudulent pretexts and representations; second, theft of property under article 858 of White's Penal Code; and, third, theft by conversion as bailee. The case was submitted to the jury on the second count in the information, resulting in the appellant's conviction. A motion was made in the court below to quash the second count, and was also renewed in a motion in arrest of judgment. We are inclined

to think that the court below did not err in refusing to quash the second count as the same was drawn in the usual form as provided for ordinary theft. The facts in the case are about as follows:

One W. H. Terna, on the 26th day of December, 1908, was in the town of Nacogdoches. The appellant in this case, Jean Hawkins, approached the witness and asked him if he wanted some "red eye." The witness replied to him that he would like to get a quart of alcohol but that he did not wish any "red eye." Appellant replied, "We keep all kinds." The witness asked him what would a quart of alcohol cost. Appellant said $1; witness asked him how long it would take to get it; appellant replied within five- or ten minutes; witness gave appellant $1 and appellant told him to wait right where he was and he would bring it to him; that he, witness, gave appellant one United States silver dollar of the value of one dollar and the appellant went on off and he never saw him any more until he was arrested some time thereafter. The question here presented is whether this is a case of theft? It has been held in this State that under an ordinary indictment for theft charging a fraudulent taking without the consent of the owner, it is competent to prove the taking was with the owner's consent but obtained by false pretexts. Dow v. State, 12 Texas Crim. App., 343; Morrison v. State, 17 Texas Crim. App., 34; and Atterberry v. State, 19 Texas Crim. App., 401. On the second count in the indictment the court charged the jury, after defining theft: "To constitute theft by false pretense, it is necessary at the time of taking that the person taking obtained the corporeal personal property by means of some false pretext, and with the intent at the time of taking to defraud the owner of the value thereof, and to appropriate to the use and benefit of the person taking and the offense of theft by false pretense, when taken and so appropriated, is complete provided said wrongful intent to take and appropriate to the use and benefit of the person taking and to deprive the owner of the value thereof existed at the time the property was so taken and appropriated and this is the case, notwithstanding the property so acquired with such wrongful intent may have been obtained with the consent of the person from whom it was taken." At the instance of the State the court further charged: "In this cause the county attorney has elected to prosecute upon that paragraph alone, of the information which charges that Jean Hawkins unlawfully and fraudulently took from the possession of W. H. Terna, without his consent, one dollar, with the intent of him, the said Jean Hawkins, to deprive the said W. H. Terna of the value of the same and to appropriate the same to his own use and benefit. He has abandoned those portions· of the information and complaint which alleges that the defendant agreed to get one quart of whisky for the said W. H. Terna. Now, if you believe from the evidence beyond a reasonable doubt, that the defendant, Jean Hawkins, in Nacogdoches County, Texas, on or about the date alleged, falsely pretended to the said W. H. Terna that he could and would procure for

and deliver to the said W. H. Terna one quart of alcohol, that said pretense was false and known to be false by the defendant and that the same was made for the purpose of acquiring one dollar from the said W. H. Terna, and that he did in this manner acquire said money and did appropriate the same to his own use and benefit; then you will convict him. But if you have a reasonable doubt about the aforesaid matters you should acquit him. You are further charged that notwithstanding the indictment herein charges that said money was taken without the consent of W. H. Terna, and the facts show that it was taken with his consent; that if his consent was fraudulently procured, then you will find that his consent was not in law obtained. If you have a reasonable doubt as to whether his consent was fraudulently obtained as charged, then you will acquit him."

The appellant requested a charge that if the false pretense was a promise to do something in the future it would not constitute swindling. This had passed out of the case by the court refusing to submit the question of swindling to the jury.

The second charge that appellant asked was that they would not consider defendant's guilt because he had not returned the said dollar, nor consider whether he had promised to repay same. This the court properly refused. We do not think the court was called upon to single out a particular fact and eliminate it from the consideration of the jury.

The third charge requested was that they would acquit the defendant if the prosecuting witness Terna never made any request or demand of the defendant for either the alcohol or the dollar before the defendant was arrested.

Appellant's fourth requested charge was to the same effect as the third. We have not been cited to any authority in support of this proposition, and the fact that no demand was made upon the defendant for the return of the dollar, or for the property, on the part of the prosecuting witness, would not make the defendant any the less guilty, and we know of no authority that holds that a demand would have to be made by the prosecuting witness for the return of the money that had been obtained by false pretext.

We find a bill of exceptions in the record to the action of the court in allowing the State to prove by the witness Porter that on the day after the defendant procured the dollar from the prosecuting witness, as Porter and the prosecuting witness were going down the street they came up on the defendant and the defendant ran. We think this testimony was clearly admissible as a circumstance in the case and the State was entitled to prove same. We think there is no merit in the appeal in this case and that no errors were committed in the trial court and the judgment is in all things affirmed.

*Affirmed.*