THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HUGO WESTERDAHL, Plaintiff in Error.

*Opinion filed February 17, 1925.*

1. CRIMINAL LAW—*general rule as to when indictment or information is sufficient.* An indictment or information is sufficient if it is so specific that the defendant is notified of the charge which he is to meet, so that he is able to prepare his defense and the nature of the charge may be easily understood by the court or jury.

2. SAME—*when information charging the drawing of a check with intent to defraud is sufficient.* An information charging the drawing of a check with intent to defraud, which follows the language of the statute (Smith's Stat. 1923, chap. 38, par. 255, p. 685,) except that it omits the words "in full upon its presentation" from the charge that the defendant "did not have sufficient funds in or credit with said bank for the payment of said check," is sufficient, as the omitted words are mere surplusage.

3. SAME—*post-dating of check does not take the case out of the statute.* The fact that a worthless check was dated several days after the defendant received possession of the property does not take the case out of the statute, where it appears from the evidence that the property was given in reliance upon the check and not upon the personal credit of the defendant.

4. SAME—*when delay in presenting check for payment does not negative intent to defraud.* That the payee of a worthless check delayed several days after its date before presenting it for payment at the bank does not negative the intent to defraud even though the drawer requested that it be held a few days, which the payee told him he could not do, and though the payee had several talks with the drawer to induce him to make the check good.

5. SAME—*when finding and judgment of the court are sufficient.* In a trial by the court on an information under the statute charging the drawing of a worthless check with intent to defraud, it is sufficient if the court finds the defendant "guilty in manner and form as charged in the information" and enters judgment "on said finding of guilty," as the statute requires no particular form of finding in such cases.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding.

ROBERT W. DANIELS, (JOHN B. FRUCHTL, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An amended information filed in the municipal court of Chicago charged that Hugo Westerdahl on November 4, .1922, with intent to defraud, drew a certain check for $932.62 on the Pioneer State Savings Bank, Chicago, and delivered it to the Parkway Motor Sales Company, and

thereby obtained from that company an automobile of a specified value without having, and knowing at the time that he did not have, sufficient funds in or credit with the bank upon which the check was drawn, to pay it. A jury was waived and upon trial by the court Westerdahl was found guilty and sentenced to the house of correction for six months and to pay a fine of $500 and costs. On review by the Appellate Court the judgment of the municipal court was affirmed. He seeks a further review by this writ of error.

Prior to the transaction in question Westerdahl had purchased from the Parkway Motor Sales Company an automobile which proved unsatisfactory and he had sued the company for damages for an alleged breach of warranty arising out of the sale. To settle the controversy the parties agreed on November 4, 1922, that Westerdahl should buy from the company a new Hudson automobile for $1932.62; that the company would allow him a credit of $1000 on his purchase for the return of the old automobile and a release of all claims arising out of its sale and that he should pay the balance of $932.62 in money. The old car was returned and the release was given. For the balance of $932.62 Westerdahl drew a check on the Pioneer State Savings Bank and made it payable to the order of and delivered it to the company. The new Hudson car was delivered to him at the same time. The release recited that he had paid the sum of $932.62. The transaction was consummated about 5:30 o'clock P. M. on Saturday, November 4, 1922, but the check, although delivered at that time, was dated two days later. It was not deposited until the 12th or 13th of November and was returned unpaid by the bank upon which it was drawn for lack of sufficient funds. Westerdahl mortgaged the new automobile within a few days after obtaining possession of it.

Knutson, the agent for the company, testified that when the check was given to him Westerdahl informed him that

he had $4000 to his credit in the bank and that the check was good; that on Monday, the 6th of November, Westerdahl called him on the telephone and requested him to hold the check, but that he told Westerdahl he could not do so, and that after the check was returned unpaid he often interviewed Westerdahl, who repeatedly promised to pay it but never did so.

Westerdahl testified that he was a general contractor; that on November 4, 1922, he was engaged in building a church; that he informed Knutson that because of his building operations he was short of funds; that Knutson agreed, if he would give him a check for the balance due on the new automobile, he (Knutson) would hold it for one or two weeks; that with this understanding the check was delivered to Knutson; that Knutson had called him several times on the telephone, but that the calls were with reference to the controversy which arose out of the sale of the first automobile; that he had mortgaged the new automobile but that it was done with Knutson's knowledge and consent; that the release which he signed had been drawn by the attorney for the company, and that he had never stated to Knutson that he had $4000 in the bank. He admitted that he did not have sufficient money in the bank to pay the check and that he had never paid it.

In the trial court the plaintiff in error made a motion to quash the amended information, asserting that it failed to state an offense. The motion was denied. He renews the contention here that the amended information is insufficient. The statute (Smith's Stat. 1923, chap. 38, par. 255, p. 685,) provides that any person who with intent to defraud shall draw any check upon any bank and thereby obtain from any person any personal property, knowing at the time of the making of such check that he has not sufficient funds in or credit with such bank for the payment of such check in full upon its presentation, shall be guilty of a misdemeanor. The amended information follows the language

of the statute in every particular except that it omits the words "in full upon its presentation." It charges that Westerdahl "did not have sufficient funds in or credit with said bank for the payment of said check." Payment of a check involves its full, and not partial, payment when presented. The words "in full upon its presentation" are superfluous, for they neither add to nor detract from the material allegations in the information. (*Barton* v. *People,* 135 Ill. 405.) If an indictment or information is so specific that the defendant is notified of the charge which he is to meet and is able to prepare his defense and the nature of the charge may be easily understood by the court or jury the indictment or information is sufficient. (*Glover* v. *People,* 204 Ill. 170; *People* v. *McBride,* 234 id. 146; *People* v. *Weil,* 244 id. 176; *People* v. *Krause,* 291 id. 64; *People* v. *Love,* 310 id. 558.) The offense charged is statutory. The information was drawn in the language of the statute, and it set forth specific facts from which the plaintiff in error was apprised of the charge against him. It was sufficient in every respect.

It is next objected that the transaction for which the check was given occurred on November 4, 1922; that the check, although delivered on that day, was not dated until the 6th, and that therefore no personal property of value was obtained on the day of the transaction in reliance upon the check but solely on the personal credit of the plaintiff in error. The information charged the drawing and delivery of the check with intent to defraud, the plaintiff in error knowing at the time that he did not have sufficient funds in or credit with the bank for the payment of the check. The fact that the check was post-dated does not take the case out of the statute. By drawing and tendering the check the purpose was presumed to be to induce the belief that it would be paid upon presentation. (2 Bishop's New Crim. Law,—9th ed.—sec. 421; *Lesser* v. *People,* 73 N. Y. 78; *Barton* v. *People, supra.*) Only upon the assumption that the check was good did the plaintiff in error obtain deliv-

ery of the new automobile. The agreement required him to pay the balance of $932.62 in money. His delivery of the check as such payment necessarily assumed the ownership of that much money on deposit to his credit in the bank. The release dated November 4, 1922, the day on which the transaction was consummated, recited the payment of that sum. We are satisfied that the automobile was delivered in reliance upon the check and not upon the personal credit of the plaintiff in error.

It is also contended that the evidence does not sustain the finding and judgment of the trial court. The plaintiff in error denies that he refused to pay the check, but the fact is that he did not pay it. He argues that the delay in presenting the check for payment shows that there was an understanding that it should be held for a few days and negatives an intention to defraud. Undoubtedly there was much communication between Knutson and the plaintiff in error with reference to the non-payment of the check. If Knutson, after the telephone conversation with plaintiff in error on Monday, November 6, became convinced that it would serve no purpose promptly to deposit the check, his failure to do so would not alter the fact that the check had been drawn and accepted upon the representation that it would be honored when presented. The plaintiff in error on November 4 executed a release by which the controversy over the old automobile was settled, and there would scarcely be any occasion thereafter for a prolonged discussion of that matter, but the company obviously would make every effort to obtain payment of the check and to that end discussions with the plaintiff in error naturally would follow. We are unable to say that the finding and judgment were not warranted by the evidence.

The final contention of the plaintiff in error is that the judgment does not conform to the offense charged in the amended information. The trial was by the court without a jury. The court found the plaintiff in error "guilty in

manner and form as charged in the information," and the judgment was entered "on said finding of guilty." No particular form of finding is required by the statute in cases of this character. If from the whole record it is apparent that the court found the plaintiff in error guilty of the offense charged and sentenced him in accordance with the statute it is sufficient. (*Hoch* v. *People,* 219 Ill. 265.) Even if there were a technical error in the form of the judgment it would not be reversed for that reason, alone. *People* v. *Hartsig,* 249 Ill. 348.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*