## B. M. WESTOVER V. STATE.

No. 30,563. March 25, 1959.

*Nicholas & Nicholas,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft by false pretext; the punishment, 2 years.

Williamson testified that he was "the office manager and worked on the counter at Bradley Motor & Armature Works." that the appellant came in the establishment where he was employed and purchased a used electric motor and pulley of the value of $76.47, giving a check in such sum in payment thereof, that the check was later returned by the bank marked "unable to locate," and that the same had not been paid.

V. A. Bradley, Jr. testified that he and his father owned the Bradley Motor & Armature Works as a partnership and that he was "in control and possession of the business" and operated it as manager, that when the check in question was returned he made several efforts to get in touch with the appellant and wrote to him, but was unable to find him and received no reply to his letter until shortly before the trial, and that the check had not been paid.

Sam Bradley testified that he was sales engineer for the Bradley Motor & Armature Works, that he made a trip in an effort to locate the appellant but was unable to do so and finally turned the check over to the district attorney's office.

It was shown that the appellant had no account in the bank on which the check was drawn.

Appellant did not testify in his own behalf, but called his wife who testified that they had resided at Mathis for a number of years and that the appellant operated a lumber yard and drive-in-grocery.

By brief, appellant asserts that a fatal variance exists because the indictment charged that the appellant took the motor from V. A. Bradley, Jr. while the proof showed that it was Williamson who made the sale, and relies upon McGinty v. State, 93 Texas Cr. Rep. 160, 245 S.W. 924. In McGinty, the check was given one Mangum who was "in charge" of the Pure Food Grocery. From the above statement of the case, it is apparent that the only evidence on the subject was that V. A. Bradley, Jr. was in control of the business.

In Whitaker v. State, 85 Texas Cr. Rep. 272, 211 S.W. 737, we said, "There is no attempt to show that Coffee (to whom the check was given) was the special owner, and had exclusive possession, control, and management of the property, but as an employee of the Stewart Products Company he took their money and cashed this check." This court held that ownership should not, under such facts, have been alleged in Coffee.

Though not free from question, we have concluded that under this record possession was properly charged in Bradley.

Appellant next contends that the record does not reflect any false pretext made by the appellant. In Dixon v. State, 152 Texas Cr. Rep. 504, 215 S.W. 2d 181, this court said:

"Verbal assertions or direct representations are not required to show a false pretense or representation. Such may be shown by the conduct and acts of the party. Wharton's Criminal Law, Vol. 2, Sec. 1436, p. 1727, 22 Am. Jur., p. 455, Sec. 19; Blum v. State, 20 Texas App. 578, 54 Am. Rep. 530; Brown v. State, 37 Texas Cr. Rep. 104, 38 S.W. 1008."

See also Branch's Ann. P.C., 2nd Ed., Vol. 5, Sec. 2827, p. 343.

Finding no reversible error, the judgment of the trial court is affirmed.