MARIE ELIZABETH WAITE V. STATE

No. 31,775. March 30, 1960

Motion for Rehearing Overruled May 11, 1960

*Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.,* *James M. Shatto,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted for the unlawful possession of barbiturates and her punishment assessed at 2 years in jail and a fine of $3000.

The conviction was under Art. 726c, V.A.P.C. now Art. 726d, V.A.P.C.

Officer T. H. Graham testified that on the day in question, in response to a call, he and Officers Fann and Maddox went to the Harris County Detention Ward where they went inside and talked to a man; that after talking to the man he came outside where he saw the appellant in the trunk of a Cadillac automobile which was parked on a parking lot "digging in some clothes" that as he started walking toward her, appellant threw a brown paper sack out of the car which went under a Chevrolet automobile parked nearby; that he proceeded to pick up the sack and discovered that it contained some pieces of candy and a bottle which "appeared to be barbiturates." The officer testified that he then placed appellant under arrest, and after showing the bottle to Officers Fann and Maddox who had come outside, he delivered it to the chemist at the police station. Officer Graham identified State's Exhibit No. 1, a bottle containing 50 red capsules, 8 blue capsules and some white tablets, as the bottle and contents that were in the paper sack which he recovered from under the Chevrolet automobile and as the same bottle which he delivered to the chemist. Chemist Robert F. Crawford, whose qualifications were stipulated, identified State's Exhibit No. 1 as the bottle and contents delivered to him by Officer Graham and testified that his examination of the 50 red capsules and the 8 blue capsules showed that they contained a barbiturate acid derivative which would definitely have a hypnotic and somnifacient effect upon a human being.

Appellant did not testify but called as a witness Officer Maddox, who testified that the officers found nothing in the search of the Cadillac automobile in which appellant was seated.

Appellant insists that the evidence is insufficient to support the conviction for two reasons.

Appellant first insists that the evidence is insufficient to show that she possessed the barbiturates in question. With this contention we do not agree. Officer Graham's testimony that he saw appellant throw the paper sack under the Chevrolet automobile and that he picked it up, together with his identification of State's Exhibit No. 1 as the bottle and capsules found in the sack, was sufficient to support a finding that appellant possessed the barbiturates. The fact that State's Exhibit No. 1 was not offered in evidence did not render the officer's testimony inadmissible or the evidence insufficient. Kilrain v. State, 166 Tex. Cr. R. 265, 313 S. W. 2d 299.

Appellant next insists that if the evidence is deemed sufficient to show that she possessed the barbiturates it does not show that such possession was illegal because the state failed to prove that she did not obtain possession of the barbiturates under the provisions of Sec. 3 (a) (1, 2) and (e) of Art. 726c, (Art. 726d, Sec. 3(a) (1, 2), (d) supra, which prescribed a method by which barbiturates could be lawfullly delivered and possessed. In construing these provisions of the statute it has been the consistent holding of this court that in alleging or proving either the unlawful delivery or possession of barbiturates under the statute it was not necessary for the state to negative the exceptions or exemption contained therein. Browning v. State, 161 Tex. Cr. R. 276, 276 S. W. 2d 522; cert. denied 348 U. S. 971, 75 S.Ct. 531, 99 L.Ed. 756; Nesbit v. State, 165 Tex. Cr. R. 336, 306 S. W. 2d 901; and King v. State, 166 Tex. Cr. R. 231, 312 S. W. 2d 501. Proof by the state in the instant case that appellant possessed the barbiturates was sufficient to show that the possession was unlawful. If appellant obtained the barbiturates under some provision of the statute which made the same lawful the burden was on the appellant to make such proof. This she failed to do.

Appellant's complaint to the court's charge and refusal to give her requested charge is not before us as the record does not reflect that appellant presented any objections or requested charge to the court in writing as required by Arts. 658 and 659, V.A.C.C.P.: Nesbit v. State, supra; Cedillo v. State, 165 Tex. Cr. R. 371, 307 S. W. 2d 267; and Outley v. State, 162 Tex. Cr. R. 314, 284 S. W. 2d 356.

The judgment is affirmed.

Opinion approved by the Court.