BEN M. DINSMORE V. STATE

No. 31,806. April 13, 1960
Motion for Rehearing Overruled May 25, 1960

*Charles H. Winston,* Odessa, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for theft by false pretext; the punishment, 4 years.

G. H. Miller, the injured party, testified that he was co-owner of West Texas Auto Sales which was located in the city of Odessa; that on Friday August 21, 1959, appellant came to his place of business and negotiated with him for the purchase of a 1958 Chevrolet Impala sports coupe automobile of the cash market value of approximately $2200; that after they had agreed on the purchase price and terms, appellant gave him two checks drawn on the American Bank of Commerce at Odessa, one for $500 as a down payment on the purchase price and the other in the approximate amount of $29.00 for the sales tax and transfer fee; that at such time appellant also signed a purchaser's statement that was filled out from information furnished by him which included both his business and residence addresses. Miller testified that appellant then left in the automobile and that the following Monday he took the two checks to the American Bank of Commerce but that he had never received any money on the two checks which appellant gave him on the purchase price of the automobile. Miller further stated that after the transaction it was found that the addresses given by the appellant were false and that he next saw the automobile some three weeks later parked in front of the Western Union Office in Odessa with the speedometer showing that it had been driven approximately three thousand miles.

It was shown by the bank records that on the date appellant gave the two checks in question he did not have sufficient funds on deposit in the bank with which to pay same.

Appellant did not testify or offer any evidence in his behalf.

Appellant insists that the evidence is insufficient to sustain the conviction for theft by false pretext because there was no

evidence that he represented to the injured party that the checks were good.

In the recent case of Richardson v. State, No. 31,352, opinion delivered February 10, 1960, (page 244 this volume), 332 S. W. 2d 736, evidence that a number of head of cattle were obtained from the owner by the giving of a worthless check was held sufficient to sustain a conviction for theft by false pretext. Also in Gibbs v. State, 158 Tex. Cr. R. 145, 253 S. W. 2d 1002 and Westover v. State, 167 Tex. Cr. R. 589, 322 S. W. 2d 279 convictions for theft by false pretext were upheld upon proof that the accused obtained the property from the owner by the giving of a worthless check. Under such holdings the evidence in the instant case is sufficient to sustain the appellant's conviction.

We overrule appellant's remaining contention that the court erred in admitting in evidence State's Exhibit No. 1 which was the purchaser's statement signed by appellant, over the objection that the same was hearsay. The written statement signed by appellant was not hearsay and was admissible as a part of the res gestae of the transaction.

The judgment is affirmed.

Opinion approved by the Court.