**T. G. HOLLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34812.**

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

Rehearing Denied Dec. 12, 1962.

David D. Adams, Snyder, for appellant.

Leon B. Douglas, State's Atty., Austin, Wayland G. Holt, Dist. Atty., Snyder, for the State.

McDONALD, Judge.

The offense is theft of property over the value of $50; the punishment, two years in the state penitentiary.

The state's evidence shows that on February 20, 1960, the appellant purchased a tractor from Bruce Evans, an employee of Snyder Truck & Tractor Co., for an agreed price of $300, which was its market value. He paid for it with a check in that amount, which he signed in the presence of the witness, Bruce Evans, on that date, and the appellant picked up the tractor. The check was returned unpaid by the drawee bank and although notice of such non-payment was given to appellant, no part of the purchase money was ever paid. The court charged the jury under the provisions of and in the language of the second mode set out in Art. 1413, P. C., and the jury found the appellant guilty of theft.

Appellant presents three points of alleged error to this court. His first complaint is that the state did not prove presentment of the check to the drawee bank. Appellant cites authorities therefor, with

which authorities we are not in disagreement. The cases cited by appellant pertain to prosecutions for swindling by the use of a worthless check, in which it is necessary to prove presentment as it is required by statute.

In this case, however, the state relied on and the court charged on theft, contained in the second count of the indictment. Art. 1549, P. C., allows the state to elect between a prosecution for swindling or some other offense, where the facts support either offense. Gibbs v. State, 158 Tex.Cr.R. 145, 253 S.W.2d 1002; Richardson v. State, Tex.Cr.App., 332 S.W.2d 736.

This court affirmed the conviction for theft by false pretext in Westover v. State, 167 Tex.Cr.R. 589, 322 S.W.2d 279, where the check was returned unpaid to the injured party but no showing of presentment was made.

Appellant's second complaint is that the court allowed the state to introduce evidence of offenses other than the one charged in the indictment. The court did allow such evidence and properly limited its purpose to intent or system, in paragraph 5 of the court's charge to the jury. Proof of such other offenses is admissible to show intent, system, motive, or plan. Clay v. State, Tex.Cr.App., 346 S.W.2d 128. We observe that appellant's counsel adduced testimony from the state's witness, Evans, showing prior transactions with appellant in which checks were given Evans by appellant, and they were always paid. When appellant "opened the door" to show good checks taken, the state could in turn show "bad checks" given by appellant. No error is shown.

We find no merit in appellant's other contention. We find the evidence sufficient to support the jury's verdict.

Appellant's able court-appointed counsel is commended for his efforts in behalf of appellant.

The judgment is affirmed.