Ernest **YARBROUGH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37368.

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

Walter B. Conway, Houston, for appellant.

. Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Donald M. Keith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is driving while intoxicated, the punishment, a fine of $75.00 and three days confinement in the County Jail.

It is shown by uncontroverted testimony that on January 4, 1964, a car driven by appellant collided with the rear of a car driven by Billy Joe Helmer, on a public street in Houston, Harris County, Texas. Uncontroverted testimony further shows that police were called by Mr. Helmer's wife and, when they arrived at the scene of the collision, they arrested appellant and charged him with driving while intoxicated.

Mr. Helmer testified that he had stopped his car for a red light on the feeder lane coming off Highway 137, otherwise known as the North Loop, at its intersection with Homestead Road. Other cars started up, going across in front of him. He heard a squealing of tires and looked around and saw appellant's car coming behind, before he was hit by appellant's car.

Four witnesses for the State, Mr. Helmer, his wife, Beatrice, Police Officer J. F. Loofs, and his partner, Police Officer C. H. Lenz, testified that from their observation of him at the scene, they reached the conclusion that appellant was intoxicated. They gave as reasons the manner in which he spoke, the smell of alcohol on his breath and person, and the manner in which he staggered and weaved as he walked or stood.

Mrs. Helmer identified appellant as the driver of the car which collided with their car, and her husband testified that when he got out of his car, he saw appellant getting out from beneath the wheel of his vehicle.

Appellant testified in his own behalf, and his wife testified for him, his wife having been a passenger in the vehicle which he was driving. Appellant and his wife placed him behind the wheel of the vehicle which collided with the Helmer's car, and which was being driven on a public street immediately before the collision.

It was their testimony that the light in front of the Helmer's car was green, and not red, and that Helmer started up and then suddenly stopped in the middle of the intersection, and they skidded on a slick street and hit him.

It was further the testimony of appellant and his wife that he had drunk only two bottles of beer, and his wife had drunk one bottle.

Police Officer Loofs testified appellant consented to have a blood test taken; that the test was taken; that he marked the vial containing the sample of blood taken from appellant, and properly deposited it in a locked box. Police Chemist Floyd E. McDonald testified he took the vial from the locked box and that the sample of blood taken from appellant showed a content of .24 percent alcohol which he testified, in his opinion, showed intoxication.

The jury decided the fact issue of intoxication against appellant, there being no controversy as to whether he was driving a vehicle on a public street in Harris County at the time alleged.

■ We find the evidence sufficient to support the jury's verdict.

There are no formal bills of exception, no requests for special charges to the jury or exceptions to the charge of the Court to the jury are preserved, and the appellant noted no exception to action of the Court in overruling his amended motion for new trial.

■ Further, there is no evidence supporting appellant's amended motion for new trial. A *motion for new trial must be supported by proof. Polk v. State, 172 Tex. Cr.R. 211, 355 S.W.2d 712.

In the statement of facts, counsel for appellant dictated the following incorrect assertion:

"NOW COMES THE DEFENDANT, ERNEST YARBROUGH, and through his Attorney, respectfully excepts to the Court's ruling preventing him from asking the question of the witness Mary Yarbrough as to the disposition of a ticket for being drunk alleged to have been given on the scene.

"The defense requested permission to offer such evidence in order to refute evidence brought on by the State that such a ticket had been given at the scene, and the Court overruled the request of the Defendant, to which the Defendant respectfully would perfect its Bill by the witness Mary Yarbrough, as follows:"

Following this unsworn assertion by his attorney, appellant brought out by question and answer from said Mary Yarbrough, in the absence of the jury, that she was given a ticket for being drunk at "the scene", without stating at what scene, and that "they" dismissed said ticket.

Nowhere in the record did the appellant make any effort before the jury to bring out from Mary Yarbrough any evidence as to disposition of any "ticket" for being drunk, or of any charges against her. Thus, the Court never prevented him from asking such question of this witness. Her testimony is found in approximately 10 pages of the statement of facts. No informal bill on this matter was made, as authorized under the provisions of Article 759a, Vernon's Ann.C.C.P.

■ Evidence of the "ticket" for being drunk which Mary Yarbrough, wife of appellant, received at the scene of the collision resulting in appellant's arrest, was

first introduced during examination of Police Officer J. F. Loofs, without objection by appellant. He testified that in his opinion she was intoxicated, and that he charged her with being drunk in Corporation Court. Appellant cannot complain about evidence introduced without objection. Scanlin v. State, 165 Tex.Cr.R. 183, 305 S.W.2d 357.

■ Subsequently, appellant, in his own testimony given in his own behalf, under questioning by his own lawyer, elected not to bring out evidence of the result of some charge against his wife, as follows:

"Q. (By Mr. Conway) All right, were you present in Court when the City Judge threw your wife's ticket out?

"A. Yes, sir.

"MR. KEITH: Object. It's immaterial.

"THE COURT: Sustain the objection. Don't answer the question until the Court has had an opportunity to rule. Sustain the objection. The jury will not consider it for any purpose. Now, Counsel, ask the proper question.

"MR. CONWAY: Pass the witness."

The question as asked was clearly immaterial, with no identification of the charge, the alleged offense, the court, or the connection with the case at bar.

Here the Court clearly did not prevent inquiry into any matter properly brought out, and even prompted appellant's counsel to "ask the proper question", which appellant's counsel elected not to do.

■ Testimony that the passenger in appellant's car was drunk is not error. Long v. State, Tex.Cr.App., 375 S.W.2d 913.

■ Appellant objected to admission of testimony relating to his blood test, because the sample of blood had not been introduced in evidence. This objection is without merit. Lyles v. State, 171 Tex.Cr. R. 468, 351 S.W.2d 886; Waite v. State,

169 Tex.Cr.R. 484, 334 S.W.2d 816 and Kilrain v. State, 166 Tex.Cr.R. 265, 313 S. W.2d 299.

Finding no reversible error, the judgment is affirmed.