Ben F. VICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 38676.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Rehearing Denied Jan. 12, 1966.

Wm. Brode Mobley, Jr., Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., W. DeWitt Alsup and Douglas Tinker, Asst. Dist. Attys., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for theft by false pretext; the punishment, five years.

Prosecution was based upon a general theft indictment which charged the fraudulent taking of certain corporeal personal property of the value of over $50 from one A. I. Blum.

The state's evidence shows that the injured party, Blum, owned and operated a store in the city of Corpus Christi known as Blum's Stag Shop. On December 8, 1964, appellant went into the store and purchased a man's suit, a pair of shoes, and some ties. In the transaction, appellant represented to the injured party that his name was B. J. Seal and that he was a minister of the gospel. A ten per cent discount was given to appellant and the total amount of his purchases was $98.56. In payment of the merchandise, appellant gave the injured party a check drawn on the Gulfway National Bank, of Corpus Christi, with the name of Parkway Church of Christ printed thereon, for the sum of $200. The check was payable to "B. J. Seal—Minister" and signed by "Wm. D. Martin, Treasurer." On the back of the check appeared the endorsement, "B. J. Seal, 509 Fairfield." The injured party accepted the check, gave appellant the difference in cash, and appellant left with the merchandise and money.

The check was then taken to the bank and was not paid because of insufficient funds in the account. It was shown that appellant was not a member of the Parkway Church of Christ and that there was no minister in the church by the name of B. J. Seal or treasurer by the name of William Martin. Proof was also made that appellant had gone to the Gulfway National Bank in Corpus Christi and ordered some checks with the name Parkway Church of Christ printed thereon. At such time, appellant represented to the bank's employee that he was William D. Martin and, after making a $10 deposit in the account, received three hundred printed checks.

Appellant's written confession was introduced in evidence, without objection, in which confession he admitted having forged the check in question and giving it to the injured party in payment for the clothing.

It was also stipulated by appellant and the state that the check in question was a forgery and that it was made by appellant.

No evidence was presented by appellant other than his stipulation.

We overrule appellant's contention that the evidence is insufficient to support the conviction. The evidence shows that appellant obtained the property from the injured party with intent to defraud him of the value thereof and to appropriate it to his own use and benefit and did so appropriate it, by the giving of a worthless check. This has been held sufficient to sustain a conviction for theft by false pretext. Gibbs v. State, 158 Tex.Cr.R. 145, 253 S.W.2d 1002; Westover v. State, 167 Tex.Cr.R. 589, 322 S.W.2d 279; Richardson v. State, 169 Tex.Cr.R. 244, 332 S.W.2d 736; and Dinsmore v. State, 169 Tex.Cr.R. 504, 335 S.W.2d 612.

We also overrule appellant's contention that he cannot be convicted of theft by false pretext under a general theft indictment because the evidence shows a commission of the offense of forgery. The fact that the evidence adduced showed that in the transaction appellant also committed the offense of forgery and passing a forged instrument did not bar his prosecution and conviction for theft by false pretext.

In Lewis v. State, 171 Tex.Cr.R. 231, 346 S.W.2d 608, we said:

"Under the doctrine of carving, the State may carve and prosecute for any offense it may elect which grows out of the same transaction. I Branch's Ann.P.C. 2nd Ed. 625, sec. 654; Martinez v. State, 165 Tex.Cr.R. 244, 306 S.W.2d 131. The fact that testimony relied upon by the State to show the offense charged against an accused also develops facts which constitute another independent crime does not prevent a conviction for the offense on trial. Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117."

■ Appellant's objections to the court's charge are not shown to have been made in writing, as required by Arts. 658 and 659, Vernon's Ann.C.C.P., and are not properly before us for review. Waite v. State, 169 Tex.Cr.R. 484, 334 S.W.2d 816.

We have, however, examined the charge and find no error therein.

The judgment is affirmed.

Opinion approved by the court.