## W. H. Whitaker v. The State.

### No. 5381.   Decided May 7, 1919.

**1.—Swindling—Drawing Check—No Funds in Bank—Information—Variance.**

It is not necessary to allege in the information that the alleged bank was a corporation or a co-partnership where the bank was not the injured party; but where the allegation named an individual and the proof showed that the money upon which the check was drawn belonged to a corporation or co-partnership, the variance was fatal, and the conviction could not be sustained. Following Faulk v. State, 38 Texas Crim Rep., 78, and other cases.

**2.—Same—Argument of Counsel.**

Where the district attorney indulged in argument which was not warranted by the facts or supported by any evidence in the record, the same was reversible error.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. T. A. Work.

Appeal from a conviction of swindling by means of giving check on bank in which defendant had no funds; penalty, a fine of ten dollars, and sixty days confinement in the county jail.

The opinion states the case.

*Jno. T. Spann,* for appellant.—On question of insufficiency of the information: Nasets v. State, 32 S. W. Rep., 698; Hutton v. State, 38 id., 209; Green v. State, 199 S. W. Rep., 622; Pruitt v. State, 202 S. W Rep., 81.

On question of variance; Dwyer v. State, 5 S. W. Rep., 662; Forcy v. State, 56 Texas Crim. Rep., 435, 117 S. W. Rep., 834.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The affidavit and information charge that on the 31st of August, 1918, appellant swindled W. Coffee. Jr., out of ten dollars by means of giving a check on The Central State Bank of Dallas, when appellant had no funds in said bank, or reasonable prospects of having funds to meet the check.

Coffee is alleged to be the owner of the property obtained, and it was obtained for the purpose of swindling him. The check given was as follows:

"Dallas, Texas 8-31, 1918.
"CENTRAL STATE· BANK OF DALLAS,
Member of Federal Reserve Bank,
"Pay to Stewart Products Co. ............... or bearer $10/00
Ten                              Dollars
W. H. Whitaker."

There are various exceptions taken to the affidavit and information, among others, that they did not charge that the bank was an incorporated bank or a copartnership. We think this was not necessary. The bank was not the injured party, and it was not necessary, therefore, to allege that it was an incorporated bank. The authorities hold that if the injured party is alleged to be a bank, the indictment is bad if it fails to allege whether the bank was an individual, partnership, corporation or joint-stock company. Nasets v. State, 32 S. W. Rep., 698. It is also held that if the injured party be an individual it is only necessary to allege his name, but if the injured party was a corporation that fact must be alleged. If the name only of the injured party is alleged it is proper and sufficient to prove that the injured party was an individual, but if the proof under such allegation should show that the injured party was a corporation there would be a variance. See Faulk v. State, 38 Texas Crim. Rep., 77; Spurlock v. State, 45 Texas Crim. Rep., 282. In this instance the allegation was that Coffee was the injured party and from whom the property was obtained, and that he was the owner of the property so obtained. It would be necessary under this allegation in the information to prove that Coffee was the owner of the property, and that it was obtained from him as his property. In other words, that he was the party who was swindled. If the proof should show that some party other than Coffee was swindled by the transaction, that would constitute a variance between the allegation and the facts. The State's case would thereby be defeated.

The evidence of Coffee, the alleged swindled party, is that he cashed a check for the defendant on the 31st day of August, 1918, paying him the cash for it. He was an employe of the Stewart Products Company's service station and took the money out of the cash register and gave it to appellant for the check. "It was the Stewart Products Service Station money I paid him for the check." . This does not meet the allegation in the information, that it was Coffee's property. The State's testimony shows the money belonged to the Stewart Products Company and not to Coffee. There is no attempt to show that Coffee was the special owner and had exclusive possession, control and management of the property, but as an employe of the Stewart Products Company he took their money and cashed this check. Under this record it was the Stewart Products Company that was swindled, if there was a swindle, and not Coffee. This matter is presented in various ways, and specially by two bills of exception.

There is another bill of exceptions reciting statements of the prosecuting officer which were not warranted by the facts and not supported by any evidence in the record, and the evidence was not before the jury, and in no way connected with this case,

18—85 T. C. R.

and would not have been legitimate evidence. The bill recites the prosecuting officer used the following language: "Now men, this is a common every day case of check swindling. We have a lot of trifling no account fellows here in town that depend on writing bum checks and putting them off on their acquaintances for a living and actually get by with it and when they get pulled for it they expect to pay the check and get the case dismissed. I can show you a stack of bum checks in the district attorney's office this high (indicating with his hand a height of about three feet) where honest hard-working men have had to go down in their pockets and pay their money out on bum checks. Now it is up to you men to stop it." The court qualifies this bill by stating that the attorney for defendant made the statement that the defendant stated that he had offered to pay the check as evidence of good faith. In replying to this argument the prosecuting attorney made substantially the statement set out in the bill, further stating that the evidence showed that defendant never at any time offered to pay the check until after complaint was filed. The qualification of the trial court does not detract from the illegality of the statements indulged. There was no evidence before the jury of any checks being in the district attorney's office, nor the number of them, nor was there any evidence in the case to show that other parties had been issuing checks of a similar character and offering subsequently to pay them. The defendant's testimony was to the effect that he gave the check in question, and that while he did not have money in the bank at the time he gave the check, which was Saturday evening, that he would have in there before the check would reach the bank Monday. Substantially his defensive testimony was that he had been employed by certain parties to sell an auto and had made the sale, and that a check had been given for $300 for the purchase price of the auto, and it was late Saturday evening and he could not cash the check, the banks being closed, and that he excepted to deposit the money before the ten dollar check in question would reach the bank Monday. Monday came, however, and the party had disappeared with the auto, and his friend who was operating with him in the sale of the auto, who had received the check, ascertaining that the purchaser had gone, following him to Sherman, and the purchaser failing to pay for the auto he took it back, which prevented payment of the check, and for this reason he was unable to meet it. This was substantially the defendant's testimony. The statements of the prosecuting officer were not justified under the condition of this record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*