### TROSSIE McGINTY v. THE STATE.

#### No. 6971. Decided December 20, 1922.

#### 1.—Swindling—Information—Statutes Construed—False Representation.

The Act of 1913, page 184, chapter 98, subdivision 4, of the present Article of the Penal Code, 1422, simply added a specific declaration that swind-

ling might be accomplished by giving a check upon a bank in which the drawer has no funds, etc., and did not obviate the necessity of alleging in the information that the person swindled relied upon the false representation. Following Blum v. State, 20 Texas Crim. App., 578, and other cases. It is not necessary, however, to aver verbal representation, but an averment that the check was believed good and that payment relied upon is deemed essential.

### 2.—Same—Ownership—Possession—Variance.

Where the information contained but one count, and named C. C. Willard as the party swindled, but the proof showed that the property was in charge of a clerk named Mangum and was purchased from him and the check delivered to him, this did not support the averment that it was Willard who was swindled. Following May v. State, 15 Texas Crim., App., 430, and other cases.

### 3.—Same—Requested Charge—False Representation.

There was no error to refuse to give a requested charge that it was necessary to prove that some false or fraudulent representation was made by the defendant. It was enough to show that defendant gave a check when she was without funds, etc. Distinguishing Brown 1. State, 38 S. W. Rep., 1008.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of misdemeanor swindling; penalty, a fine of $25 and ten days confinement in the county jail.

*Mathis & Caldwell,* for appellant. On the question of the insufficiency of information: Albertson v. State, 208 S. W., 923; Moore v. State, 219 id., 1097; Pruitt v. State, 202 id., 81; McDaniel v. State, 140 id., 232; Johnson v. State, 123 id., 143, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Moore v. State, 219, S. W. Rep., 1098.

MORROW, PRESIDING JUDGE.—The offense is swindling, a misdemeanor; punishment fixed at a fine of $25 and confinement in the county jail for a period of ten days.

The information charges that the appellant, intending to buy certain personal property, which was described, did then and there, with the intent to defraud, obtain said property, the same then and there being the personal property of C. C. Willard, with the further intent to appropriate the same when so acquired to the use of her, the said Trossie McGinty and the same was so obtained from said owner by said Trossie McGinty *by means of giving and drawing a certain check of the tenor following*: (The check was here copied.)

A motion to quash the information was presented and overruled. One point made is that it does not allege that the person swindled *relied upon* any false representations. "An essential element of the offense is that the party injured, in parting with his property, actually

93 T. C.—11

relied upon and was deceived by the false pretenses." McDaniel v. State, 63 Texas Crim. Rep., 260, 140 S. W. Rep., 233; Blum v. State, 20 Texas Crim. App., 578, 54 Amer. St. Rep., 540, and other cases cited in McDaniel's case mentioned.

Swindling is defined in Article 1421 of the Penal Code, and Article 1422 enumerates certain means by which the false pretenses and fraudulent representations may be made. In the Acts of 1913, p. 184, chapter 98, subdivision 4 of the present Article 1422 was inserted. Its effect is conceived to have been to simply add a specific declaration that swindling might be accomplished *by giving a check upon a bank in which the drawer has no funds and no good reason to believe that the check would* be paid. It is believed that the insertion of this provision in Article 1422 does not so change the definition of swindling or modify the elements thereof as to relieve the pleader in drawing an indictment for swindling from incorporating therein an averment showing that the injured party relied upon and was deceived by the fraudulent representation. It is not to be understood that any averment of verbal representation is necessary, but that an averment, in substance, that the check was believed good and its payment relied on is deemed essential.

The information contains but one count, and names C. C. Willard as the party swindled. The evidence showed that the appellant purchased certain goods from a grocery store called the "Pure Food Grocery" and that Willard was the owner of this grocery, but that it was in charge of a clerk named Mangum, and that it was from Mangum that the goods were purchased and to whom the check was delivered. The proof that it was from the possession of Mangum that the goods were received and to him that the fraudulent check was presented did not support the averment that it was Willard who was swindled. In swindling, as in theft, the owner is the person in possession of the property, the peron who has care, control and management of the property and from whose possession it is taken by the fraudulent devises. May v. State, 15 Texas Crim. App., 430; Whittaker v. State, 85 Texas Crim. App., 272, 211 S. W. Rep., 787.

There was no error in refusing to give the requested charge that it was necessary for the State to prove that some false or fraudulent representation was made by the appellant. It was enough under the statute to show *that she gave a check when she was without funds in the bank upon which the check was drawn and without good reason to believe that it would be paid.* This was sufficient to prove the fraudulent representation. The case of Brown v. State, 37 Texas Crim. Rep., 104, 38 S. W. Rep., 1008, relied upon by the appellant in support of his claim that such a charge should have been given was rendered before the enactment of subdivision 4 of Article 1422. It was doubtless in contemplation of the decision in the Brown case that

the Legislature made the change in the article of the statute mentioned.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*