## J. A. NOBLITT V. THE STATE.

No. 9855.  Delivered February 17, 1926.

Rehearing denied March 31, 1926.

**1.—Swindling—Fraudulent Representations—What Constitutes.**

Where, on a trial for swindling by cashing a check for fifty dollars, drawn on a bank in which appellant had no funds, the presentation of his check so drawn carried an implied representation that he had funds or deposit in the bank upon which it was drawn, and this was a moving cause which induced the bank where the check was presented to cash same, and it was not necessary to make further proof that he specifically represented that he did have sufficient funds on deposit in the bank on which the check was drawn to pay same.

**2.—Same—Continued.**

The fact that the check was endorsed by Mrs. Savage, and that the bank which cashed it would not have done so without such endorsement,

did not relieve appellant of the responsibility for presenting and inducing the bank at Canyon to cash his check drawn upon another bank, in which he had no funds.

### 3.—Same—Elements of Offense—Statute Construed.

One of the essential elements of the offense of swindling is that the injured party in parting with his money relied upon and was deceived by the false pretenses of the accused, and it is further true that it is not necessary that the false pretenses be the sole inducement which moves a person to part with his property, it being sufficient that they materially contributed to this end, and that without them he would not have parted with it. Following McDaniel v. State 53 Tex. Crim. Rep. 260 and other cases cited.

### 4.—Same—Continued.

Applying this principle to the present case, we think that the contention cannot be upheld that the check was cashed solely upon Mrs. Savage's endorsement. The fact that the officer of the bank said he would not have paid it but for the indorsement does not militate against his further statement that he relied upon the check as speaking the truth, and as indicating that appellant had an account at the Lamesa bank to protect it.

### ON REHEARING.

### 5.—Same—Charge of Court—Held Correct.

Where the indictment contained two counts, the first charging that appellant swindled The First National Bank of Canyon, and the second charging swindling of C. D. Lester, who was shown to have been the cashier of the bank named in the first count, there was no error in the court's charge, submitting only the second count, to instruct the jury parenthetically "or that said money then and there belonged to the First National Bank of Canyon, and that C. D. Lester then and there had the actual care, control, and management of the same." This wording of the charge being in effect a proper submission on the issue of special owner.

### 6.—Same—Indictment—Ownership—How Alleged.

Under Art. 457 of Vernon's C. C. P. an indictment for theft, swindling, etc., may allege ownership of the property in question in a special owner, viz: one who has the care, management, and control of the property. Following Phillips v. State 17 Tex. Crim. App. 169 and cases cited, also see McGinty v. State, 93 Tex. Crim. Rep. 160. Distinguishing Nasets v. State 38 S. W. 698.

### 7.—Same—Evidence—Admission of Defendant—Binding on Him.

Where, on his trial appellant agrees that the check in question was presented to the bank on which it was drawn and payment was refused because appellant had no money in said bank, he will not be heard to complain that his admission was not literally true in that the check was not actually presented to the bank after the party who cashed it was informed by the bank that appellant had no funds on deposit to protect it. See Branch's Crim. Law Sec. 677. Distinguishing Jackson v. State, 88 S. W. 924.

Appeal from the District Court of Randall County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for swindling, penalty three years in the penitentiary.

The opinion states the case.

*Umphries, Mood & Clayton* of Amarillo, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for swindling, the punishment being confinement in the penitentiary for a term of three years.

The charge was that appellant had secured from C. D. Lester, an officer of the First National Bank of Canyon, Texas, fifty dollars in payment of a check for that amount drawn against the First National Bank of Lamesa, Texas, by appellant, it being alleged that he did not have with the Lamesa bank sufficient funds to pay said check and had no good reason to believe it would be paid when presented in the ordinary course of business.

The facts developed that·appellant was told by Lester that he would not cash the check unless it was endorsed; that at appellant's request Lester telephoned to Mrs. Savage who authorized the O. K. of the check and it was then paid. About two hours later Mrs. Savage for some reason evidently became uneasy about the matter and asked Lester to telephone the bank at Lamesa relative to the check. Upon doing so he received information that appellant had no account with said bank. Efforts were at once made to arrest appellant but was not effected for some time.

The contention is that the conviction should not stand, it being claimed that the fifty dollars was not paid to appellant upon faith of the check but that Lester was relying upon Mrs. Savage's O. K. and was induced to part with the money by that alone. The testimony of Lester makes it perfectly clear that he would not have cashed the check had it not been for the indorsement of Mrs. Savage. He made no inquiry of appellant with reference to whether he had money in the bank at Lamesa and appellant made no representations to him in that regard further than by act of drawing the check. Lester does testify that he relied upon the face of the check that it spoke the truth and that naturally he thought appellant had the money in the Lamesa bank, but that he paid little atten-

tion to him knowing Mrs. Savage's indorsement protected the bank, but said he would not have cashed the check had he known appellant did not have the money in the Lamesa bank, notwithstanding Mrs. Savage's indorsement, because he would have tried to protect her.

One of the essential elements of the offense of swindling is that the injured party in parting with his property relied upon and was deceived by the false pretenses of accused, which in the present instance was the representation by the act of drawing the check against the Lamesa bank that appellant had funds in that bank to protect the check. McDaniel v. State, 53 Tex. Cr. R. 260. It is further true that it is not necessary that the false pretenses be the sole inducement which moves a person to part with his property, it being sufficient that they materially contributed to this end and that without them he would not have parted with it. Blum v. State, 20 Tex. Cr. R. 578, Smith v. State, 55 Miss. 513. Applying this principle to the present case we think the contention can not be upheld that the check was cashed solely upon Mrs. Savage's indorsement. The fact that the officer of the bank said he would not have paid it but for the indorsement does not militate against his further statement that he relied upon the check as speaking the truth and as indicating that appellant had an account at the Lamesa bank to protect it.

The judgment is affirmed.

*Affirmed.*

### ON MOTON FOR REHEARING.

LATTIMORE, Judge.—Appellant urges that a parenthetical clause in the seventh paragraph of the court's charge, which is set out below, was erroneous and hurtful, and amounted to the submission of a count in the indictment which was abandoned, and that we did not consider this contention. We did consider same but failed to discuss it.

The first count of the indictment charged that appellant swindled the First National Bank of Canyon by giving and drawing a certain check, etc. The second count charged the swindling of C. D. Lester by giving and drawing said check. The testimony showed that Lester was cashier of the bank named in the first count, and testified that appellant presented the check in question to him and that he paid to appellant fifty dollars of the bank's money. In submitting the case only under the second count the learned trial judge told the jury in the charge that if they believed appellant "did then and there ob-

tain from said C. D. Lester $50 in money of the value of $50, belonging to the said C. D. Lester (or that said money then and there belonged to the First National Bank of Canyon, Texas, and that said C. D. Lester then and there had the actual care, control and management of the same), by means of giving and drawing a check" etc. Under Art. 457 of Vernon's C. C. P. an indictment for theft, swindling, etc., may allege ownership of the property in question in a special owner, viz: one who has the care, management and control of the property. Such is the situation appearing in count No. 2 in this case.' We are not in accord with appellant's construction of the case of Nasets v. State, 32 S. W. Rep. 698, he contending that same holds ownership may not be laid in a special owner in a swindling case. The contrary is held in Phillips v. State, 17 Texas Crim. App. 169, and cases cited; also see McGinty v. State, 93 Texas Crim. Rep. 160.

The legal effect of the parenthetical clause complained of is the same as if the trial court in a separate paragraph of the charge had told the jury that Lester would be deemed in law the owner of the property in question, if he had the care, management and control of same, even though in fact it belonged to the First National Bank of Canyon. Referring to the Nasets' case, supra, we observe that it is alleged that the injured party acted as cashier of the bank, and that the property belonged to the bank, and that the bank was deprived of same, etc. Such is not the allegation in the second count in the instant case.

Appellant also contends that he made an admission to be considered as evidence in this case, which was shown by other evidence to be untrue, and that he should not be held in law bound by said admission, under such circumstances. We find that the admission referred to was that the check in question was presented to the bank on which it was drawn, and payment was refused because appellant had no money in said bank, and that if present the cashier of said bank would so testify. We also find from an examination of the record that after Mr. Lester learned by the use of a telephone that appellant had no money in the bank on which his check was drawn, Lester did not send the check or present it to said bank for payment. That part of appellant's admission relating to the presentation of the check, would seem of little materiality in a case where there was no claim either that accused had money in the bank at the time he drew the check, or reasonable ground for believing that such check would be paid when in the ordinary course of business it would be presented. The admission was

made to prevent postponement of the case evidently until the cashier of the Lamesa bank could be present as a witness. Appellant's admission that when he gave the check he had no money in said bank was material and true, and we regard the legal effect of his admission that payment was refused when the check was presented as going no further than would the testimony of the cashier of the Lamesa bank, if present as a witness, that appellant had no money in the bank at the time when the check would have reached it in the ordinary course of business. It appears from this record that appellant was arrested more than two weeks after the giving of the check, and there is nothing suggesting or showing that at any time he had any account in the Lamesa bank or any expectation that the check would be paid if presented there.

We have examined the authorities cited by appellant and are unable to agree that they support his contention in any regard. Branch's Crim. Law, Sec. 677, and Jackson v. State, 88 S. W. Rep. 239, do not support his contention in regard to the admission; nor does Whitaker v. State, 211 S. W. Rep. 787, or McGinty v. State, 245 S. W. Rep. 924 support the proposition that ownership in swindling cases may not be laid in a special owner. The contrary appears.

Being unable to agree with appellant's contention in either of the points raised, the motion for rehearing will be overruled.

*Overruled.*