## NOBLITT v. STATE. (No. 9855.)

(Court of Criminal Appeals of Texas. Feb. 17, 1926. Rehearing Denied March 31, 1926.)

**1. False pretenses 9—One who wrote check knowing he had no funds in bank, and presented it and secured payment, though partially on strength of another's indorsement, held guilty of swindling.**

One who wrote check knowing he had no funds in bank, and presented it at another bank for payment, held guilty of swindling, though payment was made on strength of another's indorsement, where officer of paying bank relied on check as speaking truth.

**2. False pretenses 9.**

Injured party in parting with his property must have relied upon and been deceived by false pretenses of accused to constitute offense of swindling.

**3. False pretenses 9—False pretenses need not be sole inducement which influences person to part with his property.**

False pretenses need not be sole inducement which influences a person to part with his property; it being sufficient that they materially contributed to that end, and that without that he would not have parted with it.

### On Motion for Rehearing.

**4. False pretenses 52—Instruction that bank officer would be deemed owner of money secured by worthless check, if he had care, management, and control of same, held not erroneous as submitting abandoned count in indictment charging defendant with swindling bank (Vernon's Ann. Code Cr. Proc. 1916, art. 457).**

In prosecution for swindling bank officer by passing worthless check, instruction in effect that bank officer would be deemed in law owner of money passed on faith of check, if he had

·care, management, and control of same ·even though it was owned by bank, *held* not erroneous as submitting abandoned count in indictment charging defendant with swindling bank, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 457, authorizing an indictment for swindling to allege ownership of property in special owner.

5. **Criminal law** ⏣⏤409—**Defendant held bound by admission, though part of it, stating that payment of his worthless check was refused by bank on which it was drawn, was untrue.**

Defendant, in prosecution for swindling by passing worthless check, *held* bound by admission that he cashed check knowing he had no funds, though admission also contained false statement that cashier of bank on which check was drawn would testify that check was presented and· payment thereon refused, where cashier, if present, would· have testified to same effect when check reached bank in ordinary course of business.

Appeal from District Court; Randall County; Henry S. Bishop, Judge.

J. A. Noblitt was convicted of swindling, and he appeals. Affirmed.

A. M. Mood and Umphres, Mood & Clayton, all of Amarillo, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry,· Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is · for swindling; the punishment being confinement in the penitentiary for a term of three years.

The charge was that appellant had secured from C. D. Lester, an officer of the First National Bank of Canyon, Tex., $50 in payment of a check for that amount drawn against the First National Bank of Lamesa, Tex., by appellant; it being alleged that he did not have with the Lamesa bank sufficient· funds to pay said check, and had no good reason to believe it would be paid when presented in the ordinary course of business.

The facts developed that appellant was told by Lester that he would not cash the check unless it was indorsed; that at appellant's request Lester·telephoned to Mrs. Savage, who authorized the O. K. of the check, and it was then paid. About two hours later Mrs. Savage, for some reason, evidently became uneasy about the matter, and asked Lester to telephone the bank at Lamesa relative to the check. Upon doing so he received information that appellant had no account with said bank. Efforts were at once made to arrest appellant, but was not effected for some time.

[1] The contention is that the conviction should not stand; it being claimed that the $50 was not paid to appellant upon faith of the check, but that Lester was relying upon Mrs. Savage's O. K., and was induced to part with the money by that alone. The testimony of Lester makes it perfectly clear that he would not have cashed the check had it not

been for the indorsement of Mrs. Savage. He made no inquiry of appellant with reference to whether he had money in the bank at Lamesa, and appellant made no representations to him in that regard further than by act of drawing the check. Lester does testify that he relied upon the face of the check that it spoke the truth, and that naturally he thought appellant had the money in the Lamesa bank, but that he paid little attention to him, knowing Mrs. Savage's indorsement protected the bank, but said he would not have cashed the check had he known appellant did not have the money in the Lamesa bank, notwithstanding Mrs. Savage's indorsement, because he would have tried to protect her.

[2, 3] One of the essential elements of the offense of swindling is that the injured party in parting with his property relied upon and was deceived by the false pretenses of accused, which, in the· present instance, · was the representation by the act of drawing the check against the Lamesa bank that appellant had funds in that bank to protect the check. McDaniel v. State, 140 S. W. 232, 63 Tex. Cr. R. 260. 'It is further true that it is not necessary that the false pretenses be the sole inducement which moves a person to part with his property; it being sufficient that they materially contributed to this end, and that. without them he would not have parted with it. Blum v. State, 20 Tex. App. 578, 54 Am. Rep. 530; Smith' v. State, 55 Miss. 513. Applying this principle to the present case, we think the contention cannot be upheld that the check was cashed solely upon Mrs. Savage's indorsement. The fact that the officer of the bank said he would not have paid it but for the indorsement does not militate against his further statement that he relied upon the check as speaking the truth and as indicating that appellant had an account at the Lamesa bank to protect it.

The judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J. Appellant urges that a parenthetical clause in the seventh paragraph of the court's charge, which is set out below, was erroneous and hurtful, and amounted to the submission of a count in the indictment, which was abandoned, and that we did not consider this contention. We did consider same, but failed to discuss it. · ·

[4] The first count of the indictment charged that appellant swindled the First National Bank of Canyon by giving and drawing a certain check, etc. The second count charged the swindling of C. D. Lester by giving and drawing said check. The testimony showed that Lester was cashier of the bank named in the first count, and testified that appellant presented the check in question to him, and that he paid to appellant $50 of the

bank's money. In submitting the case only under the second count the learned trial judge told the jury in the charge that, if they believed appellant "did then and there obtain from said C. D. Lester $50 in money of the value of $50, belonging to the said C. D. Lester (or that said money then and there belonged to the First National Bank of Canyon, Tex., and that said C. D. Lester then and there had the actual care, control and management of the same), by means of giving and drawing a check," etc. Under article 457, Vernon's Ann. Code Cr. Proc. 1916, an indictment for theft, swindling, etc., may allege ownership of the property in question in a special owner, viz. one who has the care, management, and control of the property. Such is the situation appearing in count No. 2 in this case. We are not in accord with appellant's construction of the case of Nasets v. State (Tex. Cr. App.) 32 S. W. 698; he contending that same holds ownership may not be laid in a special owner in a swindling case. The contrary is held in Phillips v. State, 17 Tex. App. 169, and cases cited; also see McGinty v. State, 245 S. W. 924, 93 Tex. Cr. R. 160.

The legal effect of the parenthetical clause complained of is the same as if the trial court in a separate paragraph of the charge had told the jury that Lester would be deemed in law the owner of the property in question, if he had the care, management, and control of same, even though in fact it belonged to the First National Bank of Canyon. 'Referring to the Nasets' Case, supra, we observe that it is alleged that the injured party acted as cashier of the bank, and that the property belonged to the bank, and that the bank was deprived of same, etc. Such is not the allegation in the second count in the instant case.

[5] Appellant also contends that he made an admission to be considered as evidence in this case, which was shown by other evidence to be untrue, and that he should not be held in law bound by said admission under such circumstances. We find that the admission referred to was that the check in question was presented to the bank on which it was drawn, and payment was refused because appellant had no money in said bank,' and that, if present, the cashier of said bank would so testify. We also find from an examination of the record that, after Mr. Lester learned by the use of a telephone that appellant had no money in the bank on which his check was drawn, Lester did not send the check or present it to said bank for payment. That part of appellant's admission relating to the presentation of the check would seem of little materiality in a case where there was no claim either that accused had money in the bank at the time he drew the check or reasonable ground for believing that such check would be paid when in the ordinary course of business it would be presented. The admission was made to prevent postponement of the case evidently until the cashier of the La-

mesa bank could be present as a witness. Appellant's admission that when he gave the check he had no money in said bank was material and true, and we regard the legal effect of his admission that payment was refused when the check was presented as going no further than would the testimony of the cashier of the Lamesa bank, if present as a witness, that appellant had no money in the bank at the time when the check would have reached it in the ordinary course of business. It appears from this record that appellant was arrested more than two weeks after the giving of the check, and there is nothing suggesting or showing that at any time he had any account in the Lamesa bank or any expectation that the check would be paid if presented there.

We have examined the authorities cited by appellant, and are unable to agree that they support his contention in any regard. Branch's Crim. Law, § 677, and Jackson v. State, 88 S. W. 239, 48 Tex. Cr. R. 373, do not support his contention in regard to the admission; nor does Whitaker v. State, 211 S. W. 787, 85 Tex. Cr. R. 272, or McGinty v. State, 245 S. W. 924, 93 Tex. Cr. R. 160, support the proposition that ownership in swindling cases may not be laid in a special owner. The contrary appears.

Being unable to agree with appellant's contention in either of the points raised, the motion for rehearing will be overruled.