### B. C. Morrow v. The State.

No. 13423.  Delivered October 8, 1930.
Reported in 31 S. W. (2d) 636.

The opinion states the case.

*W. W. Berzett* of Emory, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for swindling by giving a check for the sum of $5.25, punishment assessed being a fine of one dollar and one hour's confinement in the county jail.

It was agreed that appellant gave the check in question to A. N. Betts and at the time did not have sufficient funds in the bank to pay it. There was a controversy upon the trial as to whether appellant told Mrs. Betts at the time he gave the check that he might

not have the money in the bank to meet it, but would have it in a few days, appellant affirming that he made this statement to Mrs. Betts, and she denying it. The check was dated June 15th, 1929. Mr. Betts testified that he carried the check to the bank either on the day it was given, or the next day, and that payment was refused because of insufficient funds; that he presented the check on two other occasions to the bank, payment being refused each time for the same reason; that he was under the impression he presented the check all three times within ten days after it was given. He further testified that the second time he presented the check for payment the cashier of the bank told him appellant had a note there and if appellant's father came in and signed the note with him he would have the money to pay the check; that a few days later he presented the check again and it was again turned down. The cashier of the bank testified that when Mr. Betts presented the check at the bank for payment he told him appellant had a note there which appellant had signed and was waiting for his father to come to town and sign with him, and when the father signed it appellant would have the money to pay the check; that the father did sign the note on the 22d day of June, which was seven days after the check was issued; that witness had no recollection of the check being presented to him for payment after that time; that if the check had been presented between June 22d and July 8th it should have been paid. The check was turned over to the sheriff, who testified that he wrote appellant about the matter but did not get a reply; witness Taylor testified that appellant sent word to the sheriff by witness that he (appellant) would be up in a few days to see about the matter.

Appellant offered to prove by one Hill that appellant gave him a check on the 12th of June, three days before the Betts check was issued, and told witness at the time that he did not have the money in the bank to pay the check but if he would hold it a few days he would have the money there to take it up; that he did hold it as directed and presented it to the bank and it was paid. This testimony was excluded on the ground that the Hill check had nothing to do with the one upon which the prosecution was based. Where a prosecution for swindling is based on the giving of an alleged worthless check it has been held that evidence of the giving of other worthless checks about the same time was admissible on the issue of intent. Moore v. State, 87 Tex. Cr. R. 77, 219 S. W. 1097. It would follow that appellant has the right to introduce any legitimate evidence which would support his good faith in giving the check.

It seems to have been the theory of the defense that appellant knew he had no money in the bank at the time he gave the check involved in this prosecution, but had made arrangements to have his father sign a note with him at the bank which would provide funds to meet both the Betts and Hill checks. Under these circumstances we incline to the view that Hill's testimony should have been received.

It occurs to us that the evidence is not sufficient to support the conviction. Appellant's innocence seems to have been made to depend upon the proposition as to whether he told Mrs. Betts at the time he gave the check that he did not have the money there to pay it. Of course this was a pertinent matter for the consideration of the jury, but the real issue was whether at the time appellant gave the check in question he did so with intent to defraud; that he had such intent is not satisfactorily shown by the evidence. It does not appear just when appellant signed the note and left it at the bank for his father's signature, but this note was in the bank at the time the check was presented for payment. Betts says the cashier told him it was there the second time he presented the check. It certainly was presented for payment on the third occasion within seven days after it was given because if it had been presented after the 22d day of June, according to the cashier's testimony, it should have been paid.

Considering the entire record it does not with sufficient cogency support the charge that appellant intended to defraud Betts at the time the check was issued.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*