GEO. M. KIMBRELL v. THE STATE.

No. 13595. Delivered October 15, 1930.
Reported in 31 S. W. (2d) 821.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; penalty assessed at confinement in the penitentiary for a period of two years.

The record is before this court without a statement of facts. A plea of guilty was entered.

On the motion for new trial the sufficiency of the indictment was assailed upon the ground that there is an absence of an averment that the owner of the property parted therewith in reliance upon the check described in the indictment. The indictment charges in substance that the appellant acquired two head of cattle from Vallan by means of a check for fifty dollars which is described in the indictment. The indictment is in substantial accord with an approved form of indictment found in Branch's Ann. Tex. P. C., page 1428, sec. 2628½.

As the controlling precedent, appellant relies upon the case of McGinty v. State, 93 Tex. Cr. R. 160, 245 S. W. 924. The assumption of the appellant that the case of McGinty v. State was reversed because of a defective indictment is erroneous. The case was not reversed and dismissed but was reversed and remanded for the reason that there was a variance between the averments and the proof. In the information against McGinty it was charged that by means of a check she acquired property from C. C. Willard the owner. The proof showed that Willard was the proprietor of the Pure Food Grocery but that the witness Mangum was in possession of it, and that it was from him and not from Willard that the property was acquired and to whom the check was given. In the McGinty case, it was stated in substance that an essential element of swindling is that the party injured, in parting with the property, actually relied upon and was deceived by the false pretenses. From the opinion we quote:

"It is not to be understood that any averment of verbal representation is necessary, but that an averment, in substance, that the check was believed good and its payment relied on is deemed essential."

The indictment in the present instance follows the form to which reference is made above in Branch's Ann. Tex. P. C., sec. 2628½, which is deemed sufficient to charge that in parting with his goods the owner relied upon the check. See Moore v. State, 219 S. W. 1097.

Finding no error, the judgment is affirmed.

*Affirmed.*