## F. L. Harbin v. The State.

No. 16027.   Delivered May 10, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 775.

The opinion states the case.

*Mays & Mays,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Swindling is the offense; penalty assessed at confinement in the penitentiary for two years.

From the statement of facts the following, in substance, appears:   W. S. Russell sold to the appellant a quantity of syrup at the agreed price of $291.45.   Appellant drew and signed a check in favor of Russell for the amount mentioned. The check was drawn upon the Union Bank & Trust Company of Fort Worth, Texas.   When presented, payment of the check was refused for the want of sufficient funds.   The banker testified that he could not remember the exact amount that was to the credit of the appellant in the bank on November 29, 1931, the date of the check, but that it was about one dollar.   From Russell's testimony we quote:   "As to whether or not he represented to me that he had the money in the bank to pay that check, I don't believe he said anything about that; he didn't say anything, he just gave me the check.   He had given me two checks before that and they went through."

On cross-examination Russell testified:   "When Mr. Harbin gave me the check he didn't represent anything nor say any-

thing to me, except he just said, 'I will pay you off in a check,' something like that, and I thought his check was good, as I had taken checks from him before and didn't have any reason to believe that it wasn't good. * * * Mr. Harbin told me at that time (at a subsequent date) that he would see that I lost nothing on earth about this check, or something like that. I think he offered to put up a farm to secure me for it for just a few days until he could get hold of the money."

The appellant in effect contends that the testimony quoted is not sufficiently specific to support the conviction and that the court should have given an instruction to the jury accordingly.

The charge of the court embraces the principles announced in the case of Kimbrell v. State, 31 S. W. (2d) 821, and McGinty v. State, 93 Texas Crim. Rep., 160.

Regarding the evidence sufficient, and instructions given the jury adequate, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing upon the proposition alone that the testimony was insufficient to sustain a conviction for swindling, because appellant made no representation or statement that a check given by him to the injured party, which was accepted and relied upon, was good, or that he had sufficient funds in the bank to meet it. No authorities are cited in support of appellant's proposition insofar as it involves a matter of law. We are unable to agree with same. In addition to the authorities cited in our original opinion, see Noblitt v. State, 103 Texas Crim. Rep., 550; Morrow v. State, 116 Texas Crim. Rep., 605. Under the statute as it now is, it appears that swindling may be predicated upon the giving of a worthless check upon which property is obtained, regardless of whether other statements are made by the alleged swindler as to the value of the check, or the fact that he has money in the bank with which to pay it.

The motion for rehearing will be overruled.

*Overruled.*