W. E. REED v. THE STATE.

No. 19771.   Delivered June 22, 1938.

The opinion states the case.

*W. W. Farmer, Jr.,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for swindling; the punishment, confinement in the State Penitentiary for a term of eight years.

The record shows that on or about October 2, 1937, appellant purchased some hogs from H. B. Thomason. He paid for them with a check for $153.00 drawn on the First National Bank of Breckenridge, Texas. Thomason, who lived some twenty miles from Breckenridge, did not attempt to cash the check until about the 8th day of October, at which time it was dishonored because appellant had no funds in the bank on which it was drawn and had had none there for nearly a year.

Appellant, after the purchase, immediately took the hogs to Fort Worth and sold them for less money than he had agreed to pay for them. What disposition he made of the money which he received from the sale is not disclosed by the record.

His defensive theory was that at the time he gave the check, he advised Thomason that he had no money in the bank and that Thomason took the check in payment for the hogs with the knowledge that he had no funds in the bank, but it was agreed that the check would be taken care of from the proceeds of the resale of the hogs. Thomason took the stand and denied this.

It is obvious from the foregoing that the testimony introduced upon the trial raised an issue of fact which the jury, under an appropriate instruction from the court, decided adversely to appellant's contention. Under the facts of this case, the jury's conclusion of his guilt is binding upon this Court. See Harbin v. State, 60 S. W. (2d) 775.

Appellant has a number of bills of exceptions in the record complaining of the admission and rejection of certain testimony. Each of these bills is in question and answer form without a certificate from the trial judge that it is necessary that they be in such form. Hence the same can not be considered by us. See Article 760, C. C. P.; Monday v. State, 124 Texas Crim. Rep. 44; Harmon v. State, 93 S. W. (2d) 437; Hunnicutt v. State, 97 S. W. (2d) 957; Craig v. State, 94 S. W. (2d) 465; Shepherd v. State, 95 S. W. (2d) 438.

The exceptions to the court's charge are deemed to be without merit and are overruled.

The indictment is sufficient to charge the offense.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.